IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**AMANDA HINZE,**

        Plaintiff,

v.                                                                               Case No. 14-cv-154

**MISSOULA MAC, INC.**
d/b/a McDonald's,

        Defendant.

## COMPLAINT

NOW COMES THE PLAINTIFF, Amanda Hinze, by her attorneys, Gingras, Cates & Luebke, S.C. by Paul A. Kinne, and hereby states the following as her complaint in the above-referenced matter.

### NATURE OF PROCEEDINGS

1. This civil action is brought under Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000e et seq., brought to redress the sexually hostile work environment created by defendant, the discriminatory treatment to which plaintiff was subjected, and the constructive discharge of plaintiff's employment with defendant.

### PARTIES

2. At all times relevant hereto, Amanda Hinze ("Hinze") has been an adult resident of the State of Wisconsin. She presently resides in the Western District of Wisconsin at S6216 State Road 154, Hillpoint, Wisconsin 53937.

3. At all times relevant hereto, Missoula Mac, Inc. ("MMI"), has been a business operating within the Western District of Wisconsin. Hinze was employed by MMI from

approximately February, 2010 through September, 2012. During her employment, Hinze worked at MMI's McDonald's restaurant located at 2845 Fish Hatchery Road, Madison, Wisconsin 53713.

## JURISDICTION AND VENUE

4. This court has jurisdiction over this matter pursuant to § 706 of Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000e-5(f), and pursuant to 28 U.S.C. §§ 1331 and 1343.

5. This claim may be venued in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391, insofar as all of the parties live and/or conduct business in the Western District of Wisconsin, and the circumstances giving rise to this claim occurred in this district.

## FACTUAL ALLEGATIONS

6. Hinze began her employment with MMI in February, 2010 as a swing manager.

7. Beginning in or about May of 2010, Hinze's male co-worker, Christian Hernandez ("Hernandez"), subjected her to a sexually hostile work environment. Acts of sexual harassment include, but are not limited to, the following:

    a. Hernandez repeatedly grabbing and/or touching Hinze's buttocks;

    b. Hernandez offering Hinze money in exchange for sex; and

    c. Hernandez attempting to lift Hinze's shirt.

8. Hinze took immediate action to stop and report the above-mentioned sexual harassment.

9. On several occasions, Hinze verbally asked Hernandez to stop his sexually harassing behavior. Hinze also reported Hernandez's comments and behavior to her first

assistant manager, Caesar Espiritu Juarez, multiple times throughout the period during which she was being harassed.

10. MMI took no action/insufficient action to end the sexual harassment.

11. Hinze's employment with MMI ended in September, 2012.

12. On September 12, 2012, Hinze filed a complaint with the Equal Rights Division of the State of Wisconsin Department of Workforce Development.

13. Hinze received her right to sue letter on February 5, 2014. It is attached hereto as Exhibit A.

### FIRST CAUSE OF ACTION AGAINST MMI: UNLAWFUL EMPLOYMENT PRACTICE VIOLATION OF 42 U.S.C. § 2000e(2)

14. The plaintiff realleges and incorporates paragraphs one through thirteen (1-13) as if set forth fully herein.

15. The defendant discriminated Hinze with respect to her terms, conditions, and privileges of employment because of Hinze's sex when it failed to end the sexual harassment to which Hinze was subjected.

16. This conduct has caused Hinze psychological harm; and emotional pain, suffering, and humiliation. These damages are permanent in nature.

### SECOND CAUSE OF ACTION AGAINST MMI: CONSTRUCTIVE DISCHARGE VIOLATION OF 42 U.S.C. § 2000e et. seq.

17. The plaintiff realleges and incorporates paragraphs one through sixteen (1-16) as if set forth fully herein.

18. The sexually hostile work environment created by defendant from approximately May, 2012 through September, 2012 was so egregious and intolerable that plaintiff was compelled to resign in September, 2012.

19. Plaintiff's decision to resign because of the hostile work environment created by defendant was reasonable under the circumstances.

20. This conduct has caused Hinze the loss of past employment; economic harm and loss; psychological harm; and pain, suffering, and humiliation. These damages are permanent in nature.

### THIRD CAUSE OF ACTION AGAINST MMI: PUNITIVE DAMAGES

21. The plaintiff realleges and incorporates by reference paragraphs one through twenty (1-20) as if set forth fully herein.

22. The aforementioned conduct of the defendant was carried out in a willful, wanton, and/or reckless manner, and Hinze is therefore entitled to an award of punitive damages to be determined by a jury.

WHEREFORE, the plaintiff demands the following relief:

1. An award of compensatory damages against the defendant that will justly compensate the plaintiff for her losses, including by not limited to, emotional distress, loss of wages, loss of future earning capacity, injury to reputation, humiliation, and embarrassment;

2. An award of punitive damages against the defendant for the willful, wanton, and/or reckless acts it has committed against plaintiff;

3. An award of plaintiff's reasonable attorneys' fees and costs incurred in this action;

4. Pre- and post-judgment interest; and

5. Such other relief as the Court deems just and appropriate.

## JURY DEMAND

The plaintiff respectfully requests that this matter be tried before a jury of six (6) competent persons.

Dated this 25th of February, 2014.     **s/ Paul A. Kinne**
Attorney Paul A. Kinne
State Bar No. 1021493
Gingras, Cates & Luebke
8150 Excelsior Drive
Madison, WI 53717
Telephone: 608-833-2632
Fax: 608-833-2874
kinne@gcllawyers.com